Avery, J.
The sufficiency of the third plea in the original case, is contested, under the demurrrer to the replication.
If the jury, in the action of trespass, actually passed upon the right to the property now in controversy, that is, to the one third of the goods held, as it is claimed, by the plaintiff, as a partner with Irick & Stewart, then the same question cannot be tried again, so long as the judgment rendered upon that verdict remains unreversed; and a plea. technically drawn for the defendant, will protect him from such second trial.
This, then, is a question purely of pleading; it has been entirely so treated in the argument, and it has been critically examined by the counsel upon both sides, and fully discussed.
The plea avers that Adam Plank filed his plea, that he was not guilty of the trespass, and attaching a notice to the plea, *63 that the goods were levied upon as the property of John Irick and James Stewart, in virtue of an execution, and that the goods were in fact, at the time of the levy, the property of Irick Stewart, but then in the possession' of said Baltzer, under a fraudulent sale to him by Irick & Stewart, and that the goods were sold by the Sheriff, in part satisfaction of said judgment. The plea further avers, that issue being joined thereon by said Baltzer, further proceedings were had; the issue so joined was submitted to the jury, who returned a verdict that said Adam was not guilty, and thereupon the Court rendered a judgment against the plaintiff for costs; that issue was joined, and a verdict rendered upon the merits.
Either trespass, or trover, is an appropriate form of action for goods seized as these are alleged to have been; and if the right to the property was passed upon in the first suit, no action of trover could afterwards be brought, any more than a second action of trespass. This will be true, whether the verdict was rendered upon the general issue, with a special, plea in bar, or the general issue and notice, though the record is made up differently in the two cases. When the verdict is upon a special plea, the verdict shows a distinct finding on that plea. When a notice, only, is attached to the general issue, the finding of the jury upon the facts stated in the notice, when they are all found for the defendant, no where appears of record. . Nothing is there, except the verdict of “ not guilty,” and a judgment for the defendant.
The facts found by the jury, then, under the notice, if the law allowing such a proceeding is to be carried out, must be brought before the Court by averment, and cannot be verified by the record. No objection, however, is made to this. But it is claimed that this third plea does not show the issue to be the same in both cases; that the declaration in trover is for one third of the goods, owned by the plaintiff, as a partner with Irick & Stewart, and that in the action of trespass, no such point was in issue; that the Sheriff, under his levy, becoming a tenant in common with the plaintiff, trespass could not lie against *64 the Sheriff, or the judgment creditor, in whose behalf they were gejze(j
Now, if this defence in the action of trespass had been made by plea instead of notice, the jury in case they had given a verdict for the defendant, must have found that, at the time of the levy, the goods were in fact the property of Irick & Stewart, and not of said Baltzer, either in whole or in part; and that they were in Eversole’s possession by virtue of a fraudulent sale to him from Irick & Stewart, and were sold in part satisfaction of the judgment. If the goods were in Eversole’s possession, without any right to the possession, and in fact were the property of Irick & Stewart, no ownership more comprehensive could be found — and it would seem to be as clear a denial of the finding of the jury to assert that a third part of the goods in fact belonged to Eversole, as to. assert that the whole belonged to him.
But it is said further, that the averment in the plea is of the fact itself, that the goods were the property of Irick and Stewart, and not of the finding by the jury of that fact. The words are, “ and the said Adam avers that the finding of said jury was not upon any formal or technical ground, but on the very merits of the case, and because the said goods and chattels were the property of said Irick & Stewart, and not of the said Baltzer, either in whole or in part.” It may be held, we think, that the finding on the merits, and because, &c., is substantially a finding that the goods were the property of Irick & Stewart, and the words used by the pleader sufficient.
A passage in Stephens, pages 352 and 353, is referred to, treating of certain pleas, which are regarded unfavorably by the Courts as having the effect of excluding the truth; such are all pleas of estoppel and the plea of alien enemy. It is said these must be certain in every particular, which seems to amount to this, that they must meet and remove by anticipation every possible answer of the adversary.
The principle is cited to bear upon the part of the plea before remarked upon, which did not allude to the third part of *65 the goods, and is said to be bad, if it admit any possible replication, which does not take issue. The stringent principle noticed above, would be needed, I think, to apply to the case. But though in a plea of alien enemy, such a rule might be proper enough, or one even that, at the present day, would strike it from the list of pleas, still I do not understand that the same strictness is applied to the plea of “judgment recovered.” The English forms for such a plea are particular and minute, and some of them have averments that are not found in the present plea. Amongst other things, they aver that the judgment remains in full force and not reversed. Now, if to meet and reverse by anticipation every possible answer, be the trué rule to apply to such a plea, then the averment that the judgment, without which this verdict could not be supported, is still in force, seems indispensable. But the counsel has not noticed this as a defect, knd it can hardly be so considered, nor have we so regarded the defect pointed out and examined.
Further, it is contended that the plea is bad, because it does not aver that the taking and conversion in both cases are the same. The plea states that the plaintiff sued out a writ against the defendant, for breaking the close, and taking and carrying away the identical goods in this. declaration mentioned; and that in the declaration in trespass, the plaintiff had alleged that defendant had taken and carried away the said goods, and converted them to his own use. It is possible, indeed, to conceive that another and different trespass may have been committed by the defendant, upon the identical goods. But the whole tenor of the plea so strongly indicates that the wrong is identical in the two suits, that, in the opinion of the Court, the rules applicable to this plea do not condemn it for the fault pointed out.
Of this plea, it may certainly be said, that it is less encumbered with senseless words and formal averments than some of those found in the English and American books of forms; but upon a full examination of the plea, we believe it to contain all the essential allegations, and to be a sufficient plea.

Judgment affirmed.